## Cosner v. Ricci

*William Porter,* for plaintiff.
*Herman Bigi,* for defendant.

SWEET, P. J., September 17, 1968.—Delbert Cosner sued Francis J. Ricci for property damage in the amount of $488.43 alleging a collision at the intersection of Routes 711 and 51 in Fayette County. Defendant lives in Donora, so litigation is going forward here. In a somewhat later amended complaint it is contended that the accident took place at the intersection of 136 and 51. The amount of damages claimed remained the same. Ricci replied setting forth new matter and making a counterclaim for $221.45. The counterclaim alleges there was a rear-end collision in which he was struck from behind on Route 51.

This is a relatively simple lawsuit between two drivers, each of whom was fortunate enough not to sustain personal injury and in which no passengers, additional defendants or employers were concerned. This could have gone speedily to a board of arbitration for prompt decision. However, Cosner chose to file 4 pages of interrogatories, 34 questions in all, some with subparts.

He also filed a motion to strike the new matter and counterclaim joined under the same heading. This was apparently retracted at the bar in motion and rule court, leaving us for decision today only the question whether the objection to interrogatories and motion for a protective order filed by Ricci should be sustained.

We start with a general proposition that the aim of discovery process is to expedite and facilitate rather than to burden and delay litigation.

A situation very much like this came up for determination in Franklin County. See Bierbaum v. King, 32 D. & C. 2d 55, 60 (1963). The Franklin County court said this, which seems written almost for our case:

"In the present case it seems utter foolishness to resort to exhaustive and time-consuming procedures when the whole claim is for $198.64, and under our practice could easily have been brought to trial and concluded long before now. It appears the preliminaries here are taking longer than the main show, and costing more. This could not possibly be the intent of the rules.

"We ought not become so entangled in procedures as to lose track of practicality. The facts of the present case present the ultimate in simplicity. There is only one plaintiff and one defendant, no agent is involved. Neither of the parties is a corporation or organization having a number of members or agents where it is difficult to find out exactly what person was acting in the transaction which allegedly caused harm to plaintiff, a situation where pretrial procedures often prove efficacious.

"What could be more simple than to bring to prompt trial this simple suit for a small amount of money involving one plaintiff and one defendant where each party has full knowledge of what is involved, and thus get the matter over with".

In his memorandum of law, Cosner's counsel has cited Dulaney v. Lutes, 37 Wash. Co. 169 (1957). The writer was counsel there. Dulaney v. Lutes is entirely different. That tested whether or not in a wrongful death case defendant could have discovery of an autopsy report and take oral examination of the doctors who had attended decedent during his last illness. Naturally, our predecessor, Judge Carson, allowed that discovery. The Dulaney case involved a five-figure demand, the death of a person and a sub-

stantial dispute as to whether he died from the collision or disease.

Goodrich-Amram §4005(c) provides that the number of interrogatories or sets of interrogatories to be filed and served is not limited except as "justice requires to protect the party from unreasonable annoyance, expense, embarrassment or oppression".

Goodrich-Amram §4005(c)-4 says:

" . . . , the scope of Rule 4012 is broad enough to include every kind of protective order which justice might require.

"For example, the court can disallow the interrogatories entirely; can disallow particular interrogatories; can defer the time for answering some or all of the interrogatories; can exclude certain categories of inquiry; can impound the answers without disclosure; or can require simultaneous exchange of information in sealed envelopes. It is difficult to conceive of further protection the answering party might need; if any should be needed, the court has power to grant it".

Rule 4006 provides in part that the interrogatories shall be answered separately and fully in writing under oath.

It seems to us in a matter involving so little money that the ends of justice will best be served by proceeding forthwith to a hearing before a board of arbitration. Whatever this procedure will lose in elaborate completeness, it will gain in celerity.

We are aware that in 1952 the Dauphin County court held: " . . . that the number of interrogatories is immaterial, as they are for the purpose merely of covering facts which are necessary to the presentation of plaintiff's case": Drawbaugh v. Pennsylvania Power and Light Company, 84 D. & C. 209, 216 (1952). A reading of that opinion discloses that it too was a death case. Obviously, it is reasonable to require more

thorough discovery in death cases than in mere property damage wherein a small amount is involved.

Goodrich-Amram, §126, provides as follows:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties".

It was held in Stokes Estate, 167 Pa. Superior Ct. 128 (1950), as incorporated in Goodrich-Amram, §126-1 that: "This permits the courts to interpret rules, to suspend them or to disregard them to prevent injustice".

It seems to us that in an action for mere property damage, where there are no complications of agency, parties, or additional defendants, and when the amount at stake is less than $1,000, the just, speedy, and inexpensive determination of the action is facilitated by sending the same forthwith to arbitration without expensive procedures. We don't necessarily indicate that all discovery should be excluded in such cases. We decide only what is before us. There may be instances even in a small and simple case where a single interrogatory or two might isolate the problem and be worth hours of effort.

Although many of the interrogatories in the Cosner case are conventional and would ordinarily be proper in a case of sufficient size, we easily reach this result because several of the 34 interrogatories are pretty bad. We don't find this discovery to be sought maliciously or improperly but rather we attribute it to vexatious gamesmanship.

Hence, the order as follows:

And now, September 17, 1968, the motion for a protective order is granted.